IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ELISHA S. ORTIZ,

    Plaintiff,

    v.        Case No. 10-2010-JTM

ERIC C. RAJALA,
CHAPTER 7 TRUSTEE,

    Defendant.

MEMORANDUM AND ORDER

Appellant Elisha S. Ortiz ("Ortiz") brings this appeal from the United Sates Bankruptcy Court for the District of Kansas, Case No. 09-21027-7, against appellee Eric C. Rajala, Trustee, ("Rajala"), in which the bankruptcy court ruled that Oritz's annuity was not exempt under K.S.A. § 60-2312(b) and 11 U.S.C. § 522(d)(10)(E). For the following reasons, this court affirms the bankruptcy court.

The district court sits as an appellate court when an appeal is taken from the bankruptcy court. *United States v. Domme* (*In re Domme*), 163 B.R. 363, 365 (D.Kan.1994) (citing 28 U.S.C. § 1334(a)). When reviewing an order of a bankruptcy court, findings of fact will not be set aside unless clearly erroneous. *In re Fullmer,* 962 F.2d 1463, 1466 (10th Cir. 1992). Conclusions of law, however, are subject to *de novo* review. *In re Lederman Enterprises, Inc.*, 997 F.2d 1321, 1323 (10th Cir.1993). On appeal, the district court may affirm, reverse or modify the bankruptcy court's rulings or remand the case with instructions for further proceedings. Fed. R. Bankr.P. 8013

Ortiz was born on June 21, 1977, and her mother died in a car accident in 1982. A wrongful death lawsuit was filed in Jackson County, Missouri, and was assigned case number CF83-04970.

On January 27, 1984, Judge Peters approved a settlement of the wrongful death lawsuit. As a result of the settlement, Ortiz received lump sum payments of $20,000 on her 18th, 19th, 20th, and 21st birthdays, plus a payment of $100,000 on her 25th birthday. She also received an annuity which pays her $900 a month for life as part of the settlement. The annuity was purchased on February 7, 1984, and Ortiz has continued to receive monthly $900 payments. Oritz filed a Chapter 7 bankruptcy petition on April 9, 2009, and she had $68,073.99 in unsecured debts. Ortiz is single, and has two minor children. Her monthly income is $3,533.16, which includes the $900 from the annuity. Ortiz's monthly expenses are $3,501.04, which includes day care of $690, and a house payment of $988.04. She drives a model-year 2000 car, and does not have a car payment.

Ortiz claimed her annuity was exempt, and assigned it an unknown value. She claimed an exemption under K.S.A. § 60-2312(b), which exempts property listed in 11 U.S.C. § 522(d)(10)(E). Rajala, the trustee, objected to exemption on the grounds that Kansas did not exempt wrongful death annuities. On December 15, 2009, Judge Berger, the bankruptcy judge, sustained the trustee's objection to the exemption of the annuity. Ortiz filed her notice of appeal on January 5, 2010. (Dkt. No. 1).

The parties do not challenge the facts. Thus, this case presents a question of law, and Ortiz is entitled to *de novo* review. *See In re Lederman Enterprises, Inc.*, 997 F.2d 1321, 1323 (10th Cir.1994). The issue is whether 11 U.S.C. § 522(d)(10)(E), as incorporated into K.S.A. § 60-2312(b), authorizes exemption of an annuity which was purchased with the proceeds of the settlement of Oritz's wrongful death claim. Rajala maintains that 11 U.S.C. § 522(d)(10(E), which exempts retirement-related benefits, does not apply here. Ortiz argues that 11 U.S.C. § 522(d)(10)(E) is broad enough to encompass almost any annuity.

The Bankruptcy Code allows a debtor to retain property exempt either (1) under the provisions of the Bankruptcy Code, if not forbidden by state law, or (2) under the provisions of state law and federal law other than the minimum allowances in the Bankruptcy Code. 11 U.S.C. § 522(b) & (d). Exemptions are construed liberally in favor of the debtor; however, courts may not enlarge the exemption or read into it provisions not found there. *Johnston v. Barney*, 842 F.2d 1221, 1223 (10th Cir. 1988); *Nohinek v. Logsdon*, 6 Kan.App.2d 342, 345, 628 P.2d 257 (1981).

When determining the validity of a claimed state law exemption, bankruptcy courts look to applicable state law. *In re Lampe,* 331 F.3d 750, 754 (10th Cir.2003). Because Kansas has opted out of the federal bankruptcy exemption scheme, Ortiz may claim only exemptions available under Kansas law. *See id; In re Douglas,* 59 B.R. 836, 838 (Bankr.D.Kan.1986) ("Kansas has opted out of the federal exemption scheme thus limiting the debtor to exemptions available under Kansas law."); *see also* 11 U.S.C. § 522(b)(1); K.S.A. § 60-2312.

To qualify for an exemption under §522(d)(10)(E), the benefits received must:

1) be in the nature of a stock bonus, pension, profitsharing, annuity, or similar plan or contract

2) arise on account of illness, disability, death, age or length of service

3) be reasonably necessary for the support of the debtor and the debtor's dependants

*Rousey v. Jacoway*, 544 U.S. 320, 325-26 (2005).

A §522(d)(10)(E) exemption protects future income streams which are intended to replace wages lost upon retirement, disability, or the death of a wage earner upon whom the claimant was

3

dependent. *In re Stover*, 332 B.R. 400, 403 (Bankr.W.D.Mo. 2005) (citing *Checkett v. Vickers* (*In re Vickers*), 954 F.2d 1426, 1429 (8th Cir. 1992); *In re Collett*, 253 B.R. 452, 454 (Bankr.W.D.Mo.2000).

As the bankruptcy judge in this case correctly noted, there is a provision that protects a debtor's right to receive a payment on account of the wrongful death of an individual on whom the debtor was a dependant. *See* 11 U.S.C. § 522(d)(11(B). However, when Kansas adopted by reference the exemptions under § 522(d)(10), it did not adopt those under § 522(d)(11)(B). K.S.A. § 60-2312(b).

A Missouri bankruptcy judge addressed the issue whether a claimed exemption for an annuity acquired with the proceeds of a debtor's wrongful death claim was valid, and the court finds the analysis well reasoned and instructive in this case. The judge noted:

> As with § 522(d)(10)(E) of the Bankruptcy Code, the purpose of § 513.430.1(10)(e) is to replace lost future earnings of a debtor, or a person on whom a debtor is dependent, related to employment, and is not intended to exempt annuity payments resulting from a personal injury or wrongful death settlement not related to employment or earnings.

*In re Stover*, 332 B.R. 400 (Bankr.W.D.Mo.2005). The Missouri statute contains much of the same relevant language as the relevant Kansas statute. *Compare* V.A.M.S. § 513.430.1(10)(e), *with* 11 U.S.C. § 522(d)(10)(E) & (11)(B); K.S.A. § 60-2312(b).

Ortiz maintains that "[n]owhere in the statute does it state annuities must be employment-related." (Dkt. No. 4 at 8). Rajala correctly notes that Ortiz failed to cite any authority for her position. (Dkt. No. 5 at 15). In fact, other courts have disallowed the exemption of death benefit annuities. *See Checkett v. Vickers* (*In re Vickers*), 954 F.2d 1426, 1429 (8th Cir.1992)(the purpose

of the exemption is to replace lost wages)); *In re Collett*, 253 B.R. 452, 454 (Bankr.W.D.Mo.2000)(exemption applies to certain benefits that are akin to future earnings of the debtor); *In re Eilbert*, 162 F.3d 523, 526-27 (8th Cir. 1998)("annuity" is a purely generic term which refers to the method of payment and not to the underlying nature of the asset therefore the annuity purchased with the proceeds of a wrongful death claim was not exempt under Iowa's version of section 522(d)(10)(E))); *In re Ludwig*, 345 B.R. 310, 318-19 (Bankr.D.Colo. 2006)(retirement plan as used in the Colorado exemption statute did not include an annuity purchased by the debtor with the proceeds of nonexempt assets)); *In re Green*, 2007 WL 1031677, *5 (Bankr.E.D.Tenn.Apr.2, 2007)(the statutory term "annuity" is limited to the kind of tool used to compensate for earnings lost due to retirement or disability)).

The court concludes that Judge Berger correctly applied the law. The bankruptcy court appropriately rejected Oritz's request for exemption of her annuity under K.S.A. § 60-2312(b) and 11 U.S.C. § 522(d)(10)(E).

IT IS ACCORDINGLY ORDERED THIS 9th day of August, 2010, that the bankruptcy court decision is affirmed**.**

                                            s/ J. Thomas Marten
                                            J. THOMAS MARTEN, JUDGE